TORBERT, Chief Justice
(concurring specially).
I agree that the plaintiff’s claim is subject to arbitration and therefore that the writ of mandamus is due to be granted. Our decision in Ex parte McKinney, 515 So.2d 693 (Ala.1987), applies the decisional law construing the Federal Arbitration Act. That body of law now expands, rather than constricts, the role of arbitration. Shearson/American Express, Inc. v. McMahon, — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), cited in McKinney, represented another step in the development of this body of law by holding that claims brought under § 10(b) of the Securities Exchange Act of 1934 and the Racketeer Influenced and Corrupt Organizations Act (RICO) are subject to arbitration. Certiorari was granted in Skearson “to resolve the conflict among the Courts of Appeals regarding the arbitrability of § 10(b) and RICO claims.” Id., — U.S. at —, 107 S.Ct. at 2336.
This case does not involve a question of whether as a matter of federal law a federal securities law claim can be arbitrated. Therefore, Skearson does not directly control. The question presented is whether the state law claims presented by the plaintiff “arise out of the federal securities laws,” and that question is not addressed in Skearson. That question arises in this case only because the arbitration agreement at issue did not provide for arbitration of claims arising out of federal securi *615 ties law. Petitioners discuss Shearson only to explain why the arbitration agreement did not purport to compel arbitration of claims arising out of the federal securities law. According to petitioners, prior to Shearson they believed arbitration of such claims could not be compelled.[1] Shearson did not abolish the distinction between claims brought pursuant to federal securities laws and claims brought pursuant to state law in the sense that the dissenting opinion in the present case suggests. As I read the dissenting opinion, it implies that the U.S. Supreme Court now holds that virtually all claims between clients and securities dealers “arise out of the federal securities laws.” As previously stated, all Shearson said is that federal security law claims are arbitrable. It reaches that conclusion by examining the provisions of the Securities Exchange Act of 1934 and the Federal Arbitration Act, not by holding that federal security law claims are the same as state law claims.
Simply put, the issue is whether the plaintiff’s state law claims “arise out of the federal securities laws.” Notwithstanding the fact that the state law claims involve acts that might also give rise to a claim under federal securities law, such federal law claims were not brought. The fact the state law claims and potential federal law claims might arise from the same transaction would seem to be of little significance with respect to whether the state law claims are arbitrable, in light of the decision in Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). There the Court rejected the “doctrine of intertwining” and held that state law claims were arbitrable even if intertwined with the federal securities law claims.[2] In light of Byrd and the general policy favoring arbitration, I see no reason to broadly interpret the phrase “[arising] out of the federal securities laws” so as defeat arbitration in this case.

. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), where the issue was whether pendent state law claims were subject to arbitration where federal securities law claims were to be tried in federal district court. Justice Marshall noted that Dean Witter Reynolds did not seek arbitration of the federal securities law claims because of its belief that the claims were not arbitrable. The Court did not address that question in that case, but resolved it in Shearson.

. In footnote 1 of Shearson, the Court cited a list of cases that presented some of the conflicting decisions from the Circuit Courts of Appeal. In all but one of those cases the facts show that both state law claims and federal securities law claims were brought. Without exception, the state law claims were submitted to arbitration.